**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5139**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DIANGELLO DARNELLE STRONG,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00095-WO-1)

Submitted:  July 14, 2011              Decided:  August 11, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diangello Darnelle Strong pleaded guilty, pursuant to a plea agreement, to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court sentenced Strong to 188 months in prison followed by five years of supervised release, and imposed a $100 special assessment. We affirm.

On appeal, Strong's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could find no meritorious issues for appeal. Counsel seeks our review of the reasonableness of Strong's sentence. Strong filed a pro se supplemental brief raising several additional grounds for appeal. Strong also moved for appointment of additional appellate counsel.

We review Strong's sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of

2

the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

Strong's sentence fell within the Sentencing Guidelines advisory range. We presume a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Our review of the record reveals nothing indicative of an abuse of discretion by the district court in imposing Strong's sentence.

We have assessed the further grounds for appeal set forth by Strong in his pro se brief and find them wholly lacking in merit. We lend only abbreviated comment to each. Strong has no cognizable speedy trial claim because he pleaded guilty within seventy days of his initial court appearance. Strong has no cognizable double jeopardy claim because the use of criminal activity that is not part of the current conviction to determine the appropriate punishment for the current conviction is not punishment that implicates double jeopardy. United States v. McHan, 101 F.3d 1027, 1039 (4th Cir. 1996). Strong has no meritorious disparate sentencing claim because his sentence was only eight months longer than the fifteen-year statutory mandatory minimum sentence. Strong has no cognizable cruel and unusual punishment claim because proportionality review under the cruel and unusual punishment clause is not available for any sentence less than life imprisonment without the possibility of

3

parole.  <u>United States v. Malloy</u>, 568 F.3d 166, 180 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1736 (2010).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Strong's conviction and sentence.  We deny Strong's motion for appointment of additional appellate counsel.

This court requires that counsel inform Strong, in writing, of the right to petition the Supreme Court of the United States for further review.  If Strong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Strong.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4